TASHA PARIS CHALFANT, State Bar No. 207055
Attorney at Law
5701 Lonetree Blvd., Suite 312
Rocklin, California 95765
Telephone:  (916) 444-6100
Facsimile:  (916) 930-6093
Email:  tashachalfant@gmail.com

Attorney for Defendant
JULIUS CAUBAT

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>JULIUS CAUBAT, ET AL.,<br><br>                Defendants. | **2:15-CR-00015 GEB**<br><br>**STIPULATION AND [PROPOSED] ORDER CONTINUING STATUS CONFERENCE, AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>DATE: March 31, 2017<br>TIME:  9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

Plaintiff United States of America, by and through its counsel of record, and defendant Julius Caubat, by and through his counsel of record, hereby stipulate as follows:

1.      By previous orders, this matter was set for status conference on March 31, 2017.

2.      By this stipulation, defendant Julius Caubat seeks to move to continue the status conference and to exclude time between March 31, 2017 and April 28, 2017 at 9:00 a.m. under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      The discovery in this case includes 130 pages of investigative reports and related documents jointly provided to all defense counsel.  The government provided individual defense counsel with data and reports from the alleged cell phones of their respective clients, consisting of thousands of pages.  The disclosure of this material to all defense counsel has not resulted in a joint stipulation for disclosure, but the parties are continuing to communicate to reach an agreement for disclosure, as well as having discussions concerning the resolution of this case.

        b)      Counsel for the defendant needs time to consult with her client, conduct

investigation, review discovery and seek a solution to the discovery of the cell phone contents, as well as continuing the discussions regarding the resolution of this case.

c)      Counsel for defendant Julius Caubat believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 31, 2017 to April 28, 2017 inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 29, 2017                              PHILLIP A. TALBERT
                                                    United States Attorney

                                                    /s/ PAUL A. HEMESATH
                                                    PAUL A. HEMESATH
                                                    Assistant United States Attorney


Dated:  March 29, 2017                              /s/ TASHA PARIS CHALFANT
                                                    TASHA PARIS CHALFANT
                                                    Counsel for Defendant
                                                    JULIUS CAUBAT,

**FINDINGS AND ORDER**

The Court, having considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties, the Court finds that the failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public and that the time from March 31, 2017 to April 28, 2017 inclusive shall be excluded from computation of time within which the trial of the case of Justin Byun must be commenced under the Speedy Trial Act, pursuant to Local Code T4 (time for defense counsel to prepare and continuity of counsel pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (B)(iv)).

Dated:  March 30, 2017

_____

GARLAND E. BURRELL, JR.
Senior United States District Judge